# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **ERIC JAMAR INGRAM BEY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**STATE OF ALABAMA, et al.,** )<br>)<br>**Defendants.** )<br>) | **Civil Action Number<br>3:21-CV-01263-AKK** |

## MEMORANDUM OPINION

Eric Jamar Ingram Bey, proceeding *pro se*, sued the State of Alabama, Colbert County, and the United States, seeking declaratory and injunctive relief to avoid paying property taxes under the Peace and Friendship Treaty between Morocco and the United States. Doc. 1. Asserting that he is a Moorish American National, Bey contends that Alabama, Colbert County, and the United States do not have jurisdiction to tax his property. Bey also filed an application for leave without prepaying fees and costs. Doc. 2. For the reasons below, Bey's application is due to be granted. However, this action is due to be dismissed, with prejudice, because it does not state a viable claim for relief.

**I.**

Title 28 U.S.C. § 1915 provides, in relevant part:

>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>* * *
>
>(B) the action or appeal—
>> (i) is frivolous or malicious; [or]
>> (ii) fails to state a claim on which relief may be granted . . .

28 U.S.C. § 1915.  Complaints filed by *pro se* litigants are subject to liberal construction and held to a less stringent standard than pleadings drafted by attorneys. *Boxer X v. Harris*, 437 F. 3d 1107, 1110 (11th Cir. 2006).  But a court "may not serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 F. App'x 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

The Treaty with Morocco does not provide Bey with a basis for relief here. The treaty

>is one of the Barbary Treaties (executed, during 1795–1836 between the United States and semi-autonomous North African city-states of Algiers, Tunis, and Tripoli, and the Sultanate of Morocco) . . . . The Treaty was executed in response to the ill of piracy rampant during 15th to 18th centuries in the coastal waters and ports of the [sic] North Africa and the high protection fees charged by North African rulers for maintaining peace in their coastal waters and ports.  [A] litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous, and that includes any claims related to real estate property located within the United States, collection of mortgage payments, foreclosure or eviction proceedings, etc.

*Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *5 (D. Neb. June 13, 2019), *aff'd,* 798 F. App'x 971 (8th Cir. 2020) (internal citations and quotation marks omitted).  In addition, courts have rejected similar arguments brought by others describing themselves as Moors. *See Bey v. State of Indiana*, 847 F.3d 559, 561 (7th Cir. 2017); *Highly Favored Shekinah El v. Overton*, No. 3:20-CV-47-J-20JBT, 2020 WL 2364600, at *1 (M.D. Fla. Mar. 20, 2020), *report and recommendation adopted*, No. 3:20-CV-47-J-20JBT, 2020 WL 2331706 (M.D. Fla. May 11, 2020) (quoting *Smith ex rel. Bey v. Kelly*, Case No. 12-cv-2319 JS AKT, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012)) ("[T]o the extent Plaintiff may be contending that Defendant is not authorized to keep Plaintiff's property on the tax rolls in part because of her status as a 'Moorish American National' . . . '[t]he law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside.'"); *Monroe v. Shah*, No. 1:17-CV-4749-SCJ, 2018 WL 1896410, at *1 (N.D. Ga. Mar. 27, 2018).

## II.

Because the plaintiff does not assert a viable basis for relief, the court will dismiss this action with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).  A separate order in accordance with this memorandum opinion will be entered.

**DONE** the 5th day of October, 2021.

                                                 _____
                                                          **ABDUL K. KALLON**
                                          UNITED STATES DISTRICT JUDGE